

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANNASTECIA ONYEKURU, | )<br>) |
| Plaintiff, | )<br>) 06 C 5054 |
| v. | )<br>) Judge Ronald A. Guzmán |
| NORTHWEST AIRLINES and<br>KLM ROYAL DUTCH AIRLINES, | )<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Annastecia Onyekuru sued Northwest Airlines[1] and KLM Royal Dutch Airlines ("KLM") for their alleged theft of property from baggage she checked during a flight from Lagos, Nigeria to Chicago. KLM has filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). For the reasons set forth below, the Court grants the motion.

## Facts

In this Court, a party opposing summary judgment must file a response to the moving party's statement of uncontested material facts. *See* LR 56.1(b). If the party opposing the motion fails to do so, she is deemed to have admitted all of the material facts asserted in the moving party's statement. LR 56.1(b)(3)(C). Plaintiff did not file a response to KLM's

---

[1] Plaintiff's claim against Northwest Airlines was stayed on February 2, 2007 due to the filing of Northwest's bankruptcy petition.

motion LR 56.1(a) statement. She has, therefore, admitted all of the material facts set forth in it.

On May 10, 2004, Onyekuru traveled from Chicago to Lagos, Nigeria on a round-trip ticket with partners Northwest Airlines and KLM Royal Dutch Airlines. (Def.'s LR. 56.1(a) Stmt. ¶ 5.) Onyekuru returned to Chicago on June 17, 2004, but her luggage did not. (*Id.* at ¶ 6; *see* Mem. Supp. KLM's Mot. Summ. J., Ex. 3, Req. Admission, Ex. A, Airline Tickets).) When it was delivered to her on the following day, Onyekuru discovered that some of the contents were missing. (Compl. at 1.)

Subsequently, plaintiff subsequently filed suit in state court, seeking damages from the airlines. (Def.'s LR. 56.1(a) Stmt. ¶ 7.) On September 19, 2006, KLM removed the suit to this court and now seeks judgment on plaintiff's claim.

## Discussion

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

KLM argues that Onyekuru claim is time-barred under Article 35 of the Montreal Convention. The Convention governs "all international carriage of persons, baggage or cargo performed by aircraft for reward." Convention for International Carriage by Air ("Montreal Convention"), art. 1(1), May 28, 1999, 1999 WL 33292734 (2000). The Convention defines "international carriage" as:

> [A]ny carriage in which, according to the agreement between the parties, the place of departure and the place of destination, whether or not there be a break in the carriage or a transhipment [sic], are situated either within the territories of two States Parties, or within the territory of a single State Party if there is an agreed stopping place within the territory of another State, even if that State is not a State party.

*Id.*, art. 1(2). Nigeria and the United States, the places of departure and destination in this case, were parties to the Montreal Convention at the time of Onyekuru's flight. (*See* Mem. Supp. KLM Mot. Summ. J., Ex. 7, U.S. Department of State, Treaties in Force at 356 (2004).) Therefore, the Montreal Convention governs this case.

Article 35 of the Convention sets forth the statute of limitations for bringing a claim: "The right to damages shall be extinguished if an action is not brought within a period of two years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the carriage stopped." Montreal Convention, art. 35(1). It is undisputed that Onyekuru arrived in Chicago, her final destination, without her baggage on June 17, 2004. (Def.'s LR. 56.1(a) Stmt. ¶ 6; Mem. Supp. KLM's Mot. Summ. J., Ex. 3, Req. Admission, Ex. A, Airline Tickets.) She did not, however, file her complaint until August 18, 2006, more than two years later. (*See* Compl.) Because Onyekuru did not file her claim against KLM within the Montreal Convention's two-year limitations period, or offer any evidence to suggest that the limitations period was

3

tolled, KLM is entitled to judgment as a matter of law on her claim against it. *See Kadir v. Singapore Airlines, Inc.*, No. 98 C 4710, 1999 WL 261932, at *4 (N.D. Ill. Apr. 16, 1999) (dismissing damage claim against airline as untimely because it was filed after the two-year limitations period of the Warsaw Convention, the Montreal Convention's predecessor, had expired); *Sahar v. Am. Airlines*, No. 93 C 3878, 1993 WL 524245, at *4 (N.D. Ill. Dec. 10, 1993) (same).

## Conclusion

There is no genuine issue of material fact on plaintiff's claims against defendant KLM. The Court, therefore, grants KLM's motion for summary judgment [doc. no. 24].

**SO ORDERED.**                              **ENTERED:** 9/14/07

HON. RONALD A. GUZMAN
United States District Judge